

# THE ATTORNEY GENERAL
# OF TEXAS

May 12, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll                    Opinion No.   JM-901
Harris County Attorney
1001 Preston, Suite 634                    Re:    Whether the Harris
Houston, Texas  77002                      County Bail Bond Board is
                                           authorized to   regulate
                                           licensed  attorneys   who
                                           execute  bail  bonds  for
                                           criminal  defendants
                                           (RQ-1385)

Dear Mr. Driscoll:

    You ask:

        Whether the Harris County Bail Bond Board  is
        authorized to regulate licensed attorneys who
        actually represent criminal defendants and/or
        the Harris County  Pre-trial Services  Agency
        in connection with their respective roles  in
        obtaining bail bonds for criminal defendants.

    Section 3 of article 2372p-3, V.T.C.S., provides:

        The provisions of this Act apply only to  the
        execution of bail bonds in counties having  a
        population of more than 110,000 according  to
        the last  federal census  or in  counties  of
        less than  110,000 where a  board  has  been
        created.  The creation of the board is within
        the discretion of a majority of the  officers
        of the county who would be members of, or who
        would designate  members of,  the  board  as
        provided under   Subsection  (b)   of   this
        section.

            (a) In a  county  that  has  a  board,  no
        person may act as a bondsman except:

            (1) persons licensed under this Act, and

(2) persons licensed to practice law in this state who meet the requirements set forth in Subsection (e) of Section 3 of this Act.

(b) No individual is eligible for a license under this Act unless the individual:

(1) is a resident of this state and a citizen of the United States;

(2) is at least 18 years of age;

(3) possesses sufficient financial resources to provide indemnity against loss on such obligations as he may undertake as required by Section 6 of this Article.

(c) No person shall be eligible for a license under this Act, who after the effective date of this Act, commits an offense for which he is finally convicted, such offense being a felony or misdemeanor involving moral turpitude.

(d) No corporation is eligible to be licensed unless:

(1) it is chartered or admitted to do business in this state; and

(2) it is qualified to write fidelity, guaranty and surety bonds under the Texas Insurance Code, as amended.

(e) Persons licensed to practice law in this state may execute bail bonds or act as sureties for persons they actually represent in criminal cases without being licensed under this Act, but they are prohibited from engaging in the practices made the basis for revocation of license under this Act and if found by the sheriff to have violated any term of this Act, may not qualify thereafter under the exception provided in this subsection unless and until they come into compliance with those practices made the basis of revocation under this Act. Notwithstanding any other provision of this subsection, no person licensed to practice law shall be

> relieved of liability on a bail bond he has executed for the sole reason that he has not been employed to represent the principal on the merits of the case if he has been paid a fee for the execution of the bail bond. (Emphasis added.)

Persons licensed to practice law in this state are exempt from obtaining a license and are not required to comply with the requirements imposed upon an applicant set forth in section 6 of article 2372p-3. Minton v. Frank, 545 S.W.2d 442 (Tex. 1976). Licensed attorneys are subject to the act insofar as they are prohibited from engaging in practices made the basis for revocation of a license. The act expressly provides that this is a matter for the determination of the sheriff.

Any officer "taking a bail bond shall require evidence of the sufficiency of the security offered." Article 17.11 Code of Criminal Procedure. In Minton v. Frank the court noted that bonds executed by attorneys are subject to this provision.

An agency may not by its own rules extend or add to the powers listed in a statute. Attorney General Opinion JM-251 (1984). Thus, the Harris County Bail Bond Board does not have the authority to require attorneys to comply with article 2372p-3 when the attorney has executed a bail bond or acted as a surety for a person whom the attorney is actually representing in a criminal case.

The information you furnish reflects that the Harris County Pre-trial Services Agency performs the function of the personal bond office authorized by article 2372p-2, V.T.C.S. Article 2372p-2 provides that the duties of a personal bond office are to gather and review information about an accused that may have a bearing on whether he will comply with the conditions of a personal bond and report its findings to the court before which the case is pending. Article 17.03 of the Code of Criminal Procedure authorizes the court before which the case is pending, in its discretion, to release the defendant on his personal bond without sureties or other security. See Attorney General Opinion JM-760 (1987).

An agency that performs the function of the personal bond office, here the Harris County Pre-trial Services Agency, does not perform the function of a bail bondsman. The County Bail Bond Board, charged with certain statutory responsibilities in the licensing and regulation of bail

bondsmen under article 2372p-3, is not authorized to regulate an agency performing the functions of a personal bond office.

## S U M M A R Y

The Harris County Bail Bond Board does not have the authority to require attorneys to comply with article 2372p-3, V.T.C.S., when the attorney has executed a bail bond or acted as a surety for a person the attorney is actually representing in a criminal case. Nor is such board authorized to regulate an agency in gathering, reviewing and reporting information to a court that may have a bearing on whether an accused is entitled to a personal bond under article 2372p-2, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General